IN THE MATTER OF PAVING SNELLING AVENUE, ETC.
TRUSTEES OF MACALESTER COLLEGE, RESPONDENT.[1]

April 6, 1923.

No. 23,380.

Paving assessment in St. Paul governed by amendment of charter adopted
after the final order for paving, but prior to the doing of the
work.

1. The amendment of section 235, charter of the city of St. Paul,
adopted November 2, 1920, applies to an assessment for an improve-
ment inaugurated prior to the amendment and constructed subsequent
thereto, where the procedure for the assessment was initiated after the
improvement was completed.

Assessment limited to cost of strip of pavement 12 feet wide.

2. Under section 235, charter of the city of St. Paul, the cost of a
strip of pavement 12 feet wide along the frontage of respondent's
campus is the proper amount to be assessed against such property for
the improvement.

In the matter of confirmation of assessment of benefits arising
from paving Snelling avenue, St. Paul, the trustees of Macalester
College filed objections in the district court for Ramsey county. The
matter was heard by Hanft, J., who made findings and ordered that
the assessment be reduced to a total of $15,707.98. From the judg-
ment entered pursuant to the order for judgment, the city of St.
Paul appealed. Modified and affirmed.

*Carlton F. McNally* and *Arthur A. Stewart*, for appellant.
*Bishop H. & Paul D. Schriber*, for respondent.

QUINN, J.

This is an appeal by the city of St. Paul from a judgment of the
district court, reducing an assessment of benefits to certain real estate
owned by the respondent, for paving on Snelling avenue.

In 1919 such proceedings were had, that the city council, on June
20, 1919, prepared and adopted a final order for the paving of Snell-

[1]Reported in 193 N. W. 115.

ing avenue. Accordingly sewer and water connections were commenced by the city early in 1920, preliminary to the general work of paving. At this time the city charter provided that the entire cost of improvements in the way of paving might be assessed against the abutting property. At an election held on November 2, 1920, the charter was amended to take effect December 2, 1920. The amendment provided that the amount which might be assessed against abutting property for paving any street, boulevard, parkway or other highway shall not exceed the cost of a strip of such pavement 12 feet wide adjacent to the property thus assessed, and that the cost of the pavement, over and above the amount assessed against the property benefited shall be paid out of the city revenue, etc. Provided that nothing in the amendment shall prevent the council from appropriating sufficient money from the general funds of the said city to pay the cost of any improvement of street intersections and crosswalks therefor.

On May 4, 1921, the contract for the paving was approved by the council, and on May 20, 1921, it was countersigned by the comptroller. The work of paving was commenced in June, 1921, and completed during that year. On January 25, 1922, the city council caused to be submitted to the district court, an assessment of benefits, costs and expenses arising from the paving of the avenue from the south line of Randolph street to the south line of Grand avenue.

The property of respondent involved is the campus lying between Snelling and Macalester avenues, bounded on the north by Grand avenue and on the south by St. Clair street. For the purpose of arriving at the amount of the assessment the frontage of the campus on Snelling avenue was figured from the property line on Grand avenue, south to the property line on St. Clair street. Upon considering the matter the district court found that such assessment, computed on the basis of the cost of a 12-foot strip of pavement, under the provisions of the charter as amended, totals $18,933.79, but that this amount includes the paving of intersecting streets and alleys, which should be deducted, and accordingly reduced that amount to $15,707.98. The street and alley intersections for which the court made such reduction, are streets and alleys approaching

Snelling avenue from the east, terminating at the east line thereof, none of them extending across Snelling into the campus.

The record presents two questions for determination. Whether the assessment, under the circumstances, should have been levied under the provisions of the charter as amended, which became effective after the final order inaugurating the improvement, but prior to the letting of the contract for the paving, and, whether the court was in error in reducing the assessment below the sum of $18,933.79, which was the cost of a strip of such pavement 12 feet wide along respondent's property, on account of street and alley intersections.

We are of the opinion and hold that the provision of the charter as amended applies to the assessment. The improvement was inaugurated before the amendment was adopted and the work of paving was completed before the proceeding for the levying of an assessment was begun. The initial step in the proceeding to levy the assessment was prepared by the commissioner of finance, then submitted to the council for its approval, and when so approved the same was returned and filed with the commissioner of finance, who, on January 25, 1922, filed a copy thereof with the district court as required by the charter. The preparation of the assessment made by the commissioner of finance constituted the commencement of the proceeding to levy the assessment and was controlled by the charter as amended, as held by the district court.

The actual frontage of respondent's property from the property line on St. Clair street is 2,050.93 feet, and the cost of paving the 12-foot strip complete, along that frontage was as follows: Paving, $14,787.53; curbing, $3,653.26; driveway approaches, $493, making a total cost of $18,933.79, which is the proper amount to be assessed under the charter as amended. The frontage equal to the width of the streets and alleys approaching Snelling avenue from the east, opposite respondent's property, is 345 feet. These streets and alleys do not extend into respondent's property. The frontage of the campus is unbroken, except as to private driveway approaches, and we see no reason for any reduction in the assessment for intersections. The judgment appealed from should be amended so as to assess respondent's property for the improvement in the sum of

$18,933.79, in lieu of $15,707.98. As so amended the judgment is affirmed.